[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, City of Middletown is a duly authorized municipal corporation and at all times mentioned herein the City of Middletown Parking Authority is a duly authorized agency of the City of Middletown under said charter. The defendant Robert R. Barlow was an employee of the Parking Authority until his termination by the Mayor of the City of Middletown on December 28, 1992.
At the time the defendant Robert R. Barlow commenced his employment with the City he was provided with set of parking meter keys and an office key and a badge. At all times relevant herein the defendant Robert R. Barlow understood that these items were property of the City of Middletown and were to be returned upon termination of his employment with the Parking Authority.
It is the claim of the plaintiff that the defendant has never returned said badge and keys to the Parking Authority.
The defendant maintains that he returned the badge and keys to the desk of the director of the Parking Authority when he CT Page 2435 visited the office of the director on or about November 13, 1992. He was experiencing employment difficulty and was subsequently terminated for nonperformance of his job responsibilities. After his visit to the director's office the defendant never returned to work.
The defendant's wife was very aware of where the badge and keys were kept at home and has not seen either the keys or the badge since that date. She testified further that her husband told her he had returned those items to the City and she was surprised when she was the recipient of a call from a City employee requesting the return of said items.
The claim non return of said items was never brought up in the course of the Unemployment Compensation hearings.
After consideration of all of the evidence offered including the exhibits, it is the conclusion of this court that the plaintiff had failed to sustain its burden of proving the allegations of its complaint. Accordingly, judgment is entered in favor of the defendant.
It is so ordered.
HIGGINS, J.
Judgment to enter in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk